UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:06CV-100-JHM

JAY BURTON                                                                               PLAINTIFF

VS.

HO SPORTS COMPANY, INC.                                    DEFENDANT/
                                                                                     THIRD PARTY PLAINTIFF

VS.

ROGER REISZ                                                  THIRD PARTY DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Third Party Defendant, Roger Reisz, for partial dismissal of the third party complaint pursuant to Fed. R. Civ. P. 12(b)(6) [DN 38] and a motion by Reisz for oral argument [DN 39]. Fully briefed, this matter is ripe for decision.

**STANDARD OF REVIEW**

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[], accept all well-pled factual allegations as true and determine whether plaintiff[] undoubtedly can prove no set of facts consistent with [his] allegations that would entitle [him] to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006)). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d

356, 361 (6th Cir. 2001). A plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Bredesen, 500 F.3d at 527. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." Bredesen, 500 F.3d at 527 (citing Twombly, 127 S.Ct. at 1965). To state a valid claim, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." Id. It is against this standard that the Court reviews the following allegations.

## BACKGROUND

This action arises out of a slalom water skiing accident on the Ohio River. Plaintiff, Jay Burton ("Burton"), alleges that on July 20, 2005, he rode a slalom-style water ski, an "HO Xtra Super Shaped Combo," that had been designed, manufactured, marketed and distributed by Defendant, H.O. Sports Company, Inc. ("H.O. Sports"). Plaintiff alleges that while being pulled by a motor boat, his right foot slipped out of the combination slalom ski's rear binding causing forces to be exerted on his left leg which could not release from the more restrictive binding in the front of the ski. As a result of the accident, Burton suffered a knee and lower leg injury. (Complaint at ¶¶ 1-4.) On July 19, 2006, Burton filed a complaint against H.O. Sports alleging negligence, strict products liability, failure to warn of unsafe conditions, and misrepresentation of safe components. (Complaint at Counts IV, V, VI, VII, and VIII.)

H.O. Sports subsequently filed a third party complaint on October 28, 2008, against Roger Reisz ("Reisz") alleging, in part, the following: (1) Plaintiff was allegedly injured while Reisz drove the boat in a negligent and reckless manner; (2) Reisz failed to advise Plaintiff of the risks and warning labels on the water ski combination pair and/or as to how to use the slalom water ski; (3) Reisz allowed Plaintiff to drink bear/alcohol in connection with the use of Reisz's boat and in the use of Reisz's slalom ski while Reisz pulled Plaintiff with Reisz's boat; (4) Reisz failed to present both skis of the water ski combination pair to Plaintiff for use, thereby denying Plaintiff the opportunity to review the water ski combination pair warning labels; and (5) as a direct and proximate result of Reisz's negligence, Plaintiff suffered injuries while slalom skiing on Reisz's ski and being pulled by Reisz in the boat.  (Third Party Complaint at ¶¶ 5, 6, 7, 8, and 9.)  H.O. Sports seeks a judgment of negligence, indemnity, contribution and/or apportionment from and against Reisz for the full amount of any judgment, which may be returned in favor of the Plaintiff against H.O. Sports.  (Third Party Complaint at ¶¶ 15, 16.)

Reisz now moves to partially dismiss H.O. Sports' third party complaint for failure to state a claim arguing that (1) H.O. Sports cannot maintain its claims for contribution and apportionment against Reisz as those claims do not exist under Kentucky law; (2) H.O. Sports cannot maintain its claims for indemnity as to Burton's underlying claims for strict products liability, failure to warn and misrepresentation; and (3) H.O. Sports' claim for negligence is time-barred and fails to state a claim for relief.

## DISCUSSION

### A. Apportionment/Contribution "Claims"

Reisz argues that H.O. Sports' apportionment and contribution claims should be dismissed because apportionment or contribution is not a "claim" under Kentucky law. Reisz argues that H.O. Sports is entitled to an instruction to the jury that they may allocate fault to Reisz pursuant to KRS § 411.182, but KRS § 411.182 does not provide a substantive cause of action itself. Reisz further argues that the apportionment of causation and the requirement of several liability obviates any claim for contribution among joint tortfeasors.

Under current Kentucky law, "liability among joint tortfeasors in negligence cases is no longer joint and several, but is several only." Degener v. Hall Contracting Corp., 27 S.W.3d 775, 779 (Ky. 2000). KRS § 411.182 provides that "[i]n all tort actions, including products liability actions, involving fault of more than one (1) party to the action . . ., the court . . . shall instruct the jury to [determine] . . . [t]he percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability." KRS § 411.182 "'is simply a codification of this common law evolution of the procedure for determining the respective liabilities of joint tortfeasors,' whether joined in the original complaint or by third-party complaint." Kentucky Farm Bureau Mut. Ins. Co. v. Ryan, 177 S.W.3d 797, 802-03 (Ky. 2005)(quoting Degener, 27 S.W.3d at 779). "If there is an active assertion of a claim against joint tortfeasors, and the evidence is sufficient to submit the issue of liability to each, an apportionment instruction is required." Floyd v. Carlisle Construction Co., 758 S.W.2d 430, 432 (Ky. 1988) (emphasis

omitted).

KRS § 411.182 "provides a right to an apportionment interrogatory or finding where underlying substantive fault exists, but it does not provide a substantive cause of action itself." Hall v. MLS National Medical Evaluations, Inc., 2007 WL 1385943, *2 (E.D. Ky. May 8, 2007); Asher v. Unarco Material Handling, Inc., 2008 WL 2473680, *3 (E.D. Ky. June 16, 2008).[1]  Additionally, "the apportionment of causation and the requirement of several liability obviates any claim for contribution among joint tortfeasors whose respective liabilities are determined in the original action." Degener, 27 S.W.3d at 779.  Accordingly, the Court finds that H.O. Sports does not have a "claim" against Reisz for contribution and/or apportionment.  However, the Court finds that H.O. Sports has actively asserted claims against the third party defendant so as to preserve its right to apportionment pursuant to KRS § 411.182 if the evidence supports such an instruction at trial.

**B. Indemnity**

H.O. Sports seeks indemnification against Reisz for any judgment rendered against it due to Plaintiff's claims of negligence, strict products liability, failure to warn, and/or misrepresentation. Reisz seeks dismissal of H.O. Sports' claims of indemnity against Reisz as to Plaintiff's strict liability, failure to warn, and/or misrepresentation claims. Reisz does

---

[1] The Court reviewed the decision of Perry v. Parks, 2006 WL 658578 (Ky. App. March 17, 2006) in which the Kentucky Court of Appeals noted that a third party complaint for apportionment should not be dismissed because KRS § 411.182 contemplates a third party action and the third party defendant "may wish to contest the imputation of fault even if [his] own damages are not at stake." Id. at *2. Given that Reisz is actually requesting the "claim" be dismissed and given that H.O. Sports has preserved its right for an apportionment instruction, the Court finds this case unpersuasive.

5

not move to dismiss H.O. Sports' claim for indemnity against him as to Burton's negligence claim at this time; however, the Court's analysis set forth below applies equally to this claim.

Under Kentucky law, cases permitting recovery based on indemnity principles "'are exceptions to the general rule, and are based on principles of equity.'" Hall v. MLS Nat. Medical Evaluations, Inc., 2007 WL 1385943, *3 (E.D. Ky. May 8, 2007) (quoting Degener, 27 S.W.3d at 780(quoting Louisville Ry. Co. v. Louisville Taxicab & Transfer Co., 77 S.W.2d 36, 39 (Ky. 1934)). Such equitable exceptions are reserved for two classes of cases: "first, for those cases in which the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant; and second, for those cases in which both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury." Id. (quoting Degener, 27 S.W.3d at 780)(internal quotations omitted). "In other words, '[w]here one of two parties does an act or creates a hazard and' a second party, 'while not concurrently joining in the act, is, nevertheless thereby exposed to liability . . ., the party who was the *active wrongdoer* or *primarily negligent* can be compelled to make good to the other any loss he sustained.'" Hall, 2007 WL 1385943, *3 (quoting Brown Hotel Co. v. Pittsburgh Fuel Co., 224 S.W.2d 165, 167 (Ky. 1949)).

H.O. Sports maintains that dismissal of its indemnity claims against Reisz for Plaintiff's claims of strict products liability, failure to warn, and misrepresentation is not warranted in that Plaintiff's injuries were entirely or primarily caused by the actions or

inactions of Reisz. H.O. Sports contends that its actions in the "manufacture of the water ski combination pair is passive and/or secondary to Reisz's primary negligence in providing Plaintiff alcohol prior to waterskiing on the Ohio River, pulling Plaintiff on Reisz's water ski behind Reisz's boat after Plaintiff consumed alcohol, failing to provide Plaintiff the combination water ski pair which contained the risks and warning labels, failing to give Plaintiff notice of the warnings and risks associated with Plaintiff's use of Reisz's ski, and driving Reisz's boat in a negligent manner on the Ohio River while pulling a slalom water skier who has consumed alcohol." (H.O. Sports' Response at 8.) H.O. Sports contends that it is innocent and is only exposed to liability because of the negligence of Reisz.

  As discussed above, at trial the jury will be instructed to determine the fault of the parties and apportion liability in proportion to the fault of H.O. Sports, Reisz, and Burton. H.O. Sports will be held liable only for that portion of the damages the jury determines the Plaintiff sustained as a result of H.O. Sports manufacturing a defective product. Essentially then, H.O. Sports' indemnity claim would seek to recover from Reisz the amount of damages which the jury determined was entirely and directly caused by H.O. Sports. H.O. Sports, as an active wrongdoer, cannot properly seek indemnification from Reisz for any injuries sustained by Plaintiff as a result of the defective condition of the slalom water ski. Manufacturers of defective products cannot seek indemnification from purchasers who negligently allow an individual to use their defective product. See Frumer & Friedman, 2-15 Products Liability § 15.03 ("[W]here a manufacturer seeks indemnity from an individual or entity that purchased its product, and the manufacturer is negligent or otherwise at fault,

indemnity is unavailable even though it was the purchaser whose negligent conduct played a part in causing the resultant injuries.").[2] The Court finds that H.O. Sports is not entitled to indemnification from Reisz based on the allegations set forth in the third party complaint.

This conclusion is supported by the district court's opinion in Franke v. Ford Motor Co., 398 F. Supp. 2d 833 (W.D. Ky. 2005). In Franke, a rigging contractor's employee who was injured while installing a hydraulic lift table at a truck plant filed actions alleging strict liability and negligence against the supplier of the lift table and the table manufacturer. Id. at 836. The table manufacturer (Air Technical Industries "ATI") sought leave to file cross claims against the plant owner (Ford Motor Company), its general contractor (Abel Construction Company), and rigging contractor (Burns Machinery Moving and Installation). The table manufacturer alleged that the negligence of the plant owner's employee in operating the hydraulic controls on the table was responsible in whole or in part for the accident. The District Court held that the manufacturer had no basis under Kentucky law for asserting an indemnity claim against the plant owner, its general contractor, or rigging contractor based on their alleged negligence. Id. at 840. Specifically, the District Court held in part:

> The court sees no reasonable basis for an indemnity claim by ATI against Ford, Abel, or Burns. Taking every allegation in ATI's proposed cross claim as true-that the negligence of Ford employee Kenneth Strickler in

---

[2] See also Am. L. Prod. Liab. 3d § 52.93("[A] manufacturer held strictly liable may not seek indemnity from a purchaser or user based on a theory of primary liability of the purchaser or user for misuse or alterations, since a manufacturer held strictly liable is deemed to be primarily at fault."); Knisely v. Brunswick Corp., 1987 WL 25635, *3 (E.D. Ky. Dec. 1, 1987)(admiralty law).

8

>operating the hydraulic controls on the table was responsible in whole or in part for the accident-still does not create a basis for an indemnity claim. A claim for indemnity is "one in which the claimant seeks restitution for damages it was required to pay for injuries sustained by another and which were entirely or primarily caused by the party against whom indemnity is sought." Degener, 27 S.W.3d at 781-82 (citation omitted). An example would be a situation in which a party was liable under principles of respondeat superior. That is simply not the case here.
>
>Under Kentucky comparative fault principles, the jury will be instructed to apportion liability in proportion to the fault of each defendant. Assuming ATI's allegations are true and the jury agrees, the amount of the accident caused by the by negligence of Ford's employee will be apportioned to Ford (even though Ford is immune from liability to Plaintiff), not to ATI. ATI will be liable only for its own negligence, if any. Because ATI has alleged no appropriate basis for asserting an indemnity claim against Ford, Abel, or Burns, however, the Court will deny its motion.

Franke, 398 F. Supp.2d at 840.[3]

For the reasons set forth above, the Court grants Reisz's motion to dismiss the common law indemnity claims as to Plaintiff's underlying claims for strict products liability, failure to warn, and/or misrepresentation claims.

---

[3] H.O. Sports cites Clark v. Hauck Mfg. Co., 910 S.W.2d 247 (Ky. 1995) for the proposition that Reisz could be liable for indemnity to H.O. Sports in a strict liability products liability action. In Clark, a plaintiff filed a products liability action against the manufacturer of a hand-held torch. The manufacturer of the torch asserted an indemnity claim against the worker's employer. In affirming the trial court's dismissal of the indemnity claim, the Kentucky Supreme Court stated that "[the employer] cannot be liable for indemnity to [the manufacturer]. [The manufacturer's] own expert witnesses admitted that [the employer's] actions did not cause the accident which is the basis of this claim. There can be no indemnity without liability." Id. at 252-253. Contrary to the argument by H.O. Sports, the Kentucky Supreme Court did not address the issue of active/passive fault. The Supreme Court simply decided that dismissal was appropriate given the admission by the manufacturer's experts that the employer was not negligent. The Clark decision is not helpful to the determination of the present case.

### C. Negligence Claim

Reisz argues that H.O. Sports' claim for negligence is time-barred pursuant to KRS § 413.140 and fails to state a claim for relief. In response, H.O. Sports argues that it did not assert a claim directly against Reisz for negligence. Instead, H.O. Sports maintains that its third party complaint against Reisz seeks only apportionment, contribution and indemnity for Reisz's alleged negligent actions and/or activities that exposed H.O. Sports to liability to Plaintiff.

A review of the third party complaint reflects that H.O. Sports requests "[j]udgment for negligence, indemnification, contribution and/or apportionment against Reisz." (Third Party Complaint at p. 4.) However, given H.O. Sports' concession that it is not asserting a direct negligence action against Reisz, any direct negligence claim against Reisz is dismissed.

### CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Third Party Defendant, Roger Reisz, for partial dismissal of the third party complaint pursuant to Fed. R. Civ. P. 12(b)(6) [DN 38] is **GRANTED** and the motion by Reisz for oral argument [DN 39] is **DENIED**.


cc: counsel of record